UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VIRGINIA DAVIS,

                Plaintiff,

v.

GWENDOLYN COLE-HOOVER, M.D., et al.,

                Defendants.

**Hon. Hugh B. Scott**

03CV550

(CONSENT)

**Order**

      Before the Court is another motion to compel by plaintiff (cf. Docket Nos. 38, 59 (Report & Recommendation), 76 (Order adopting Report & Recommendation)), this time seeking defendant Dr. Gwendolyn Cole-Hoover to answer questions in a deposition (Docket No. 116[1], Sept. 19, 2006). This motion seeks Dr. Cole-Hoover's answers to questions regarding the treatment of plaintiff (Docket No. 115, Pl. Atty. Affirm. ¶ 6, Exs. A-E). During Dr. Cole-Hoover's deposition, she testified repeatedly that she did not recall plaintiff.

      Following a status conference with parties, the Court issued a briefing schedule for this motion, with responses to this motion due on September 27, 2006, any reply due by October 4, 2006, with the motion deemed submitted as of October 4, 2006, without oral argument (Docket No. 118). Counsel for Dr. Cole-Hoover, however, attempted to file his responding affidavit on

---

[1] In support of her motion, plaintiff submits her attorney's affirmation with exhibits, excerpts of Dr. Cole-Hoover's deposition transcript, Docket No. 115.
      In opposition, defendant Dr. Cole-Hoover submitted an attorney's affidavit with exhibits, additional excerpts from Dr. Cole-Hoover's deposition, Docket No. 120, a second attempt at filing this affidavit, Docket No. 121.

October 3, 2006 (see Docket No. 120), without seeking leave to file this response out of time. Instead, counsel merely faxed a letter to Chambers indicating that the return date "somehow" got off his calendar until October 2, 2006, and that he was filing this response only "four working days late" (fax letter of Oct. 3, 2006, to Chambers). Dr. Cole-Hoover's counsel offered to not object to a similar extension of time for plaintiff's reply (id.), but did not move for such an extension for his response. Further, there were problems with the notary's statement affixed to the affidavit which required its refiling (e-filing notification, Oct. 4, 2006), and a courtesy copy of the voluminous affidavit and exhibits (47 pages) was not sent to Chambers as per this Chambers' guidelines.

## BACKGROUND

*Factual Allegations*

Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has a medical condition called hydrocephaly, which requires her to have a shunt to drain cerebrospinal fluid from her brain. She entered into DOCS custody in 1997 with her shunt intact. Within four years of incarceration, plaintiff alleges that she was rendered blind allegedly due to defendants' deliberate indifference to her medical needs by not maintaining her shunt or otherwise preventing fluid from backing up in her brain. (Docket No. 1, Compl. ¶ 1, "Compl.") She was transferred from Bedford Hills to the Albion Correctional Facility ("Albion") in November 1999 (Docket No. 41, Pl. Aff. ¶ 4.)

In this action plaintiff sues various treating and prison officials and employees of the Albion Correctional Facility and medical personnel at Strong Memorial Hospital ("Strong") for

their denial of treatment of her that allowed cerebrospinal fluid to back up in her brain, causing her to lose her sight. (See Compl. ¶ 1.)

*Discovery*

Following motion practice and an Amended Complaint, the parties engaged in discovery. Plaintiff deposed Dr. Cole-Hoover on June 20, 2006 (Docket No. 115, Pl. Atty. Affirm. ¶ 4). Plaintiff claims that Dr. Cole-Hoover repeatedly refused to answer questions posed to her (see id. ¶ 5). In particular, Dr. Cole-Hoover testified that she did not recall the plaintiff when asked (a) if she requested an outside consultation for plaintiff; (b) whether the doctor had an independent recollection of becoming concerned in 2000 or 2001 that plaintiff's shunt was not working; (c) whether the doctor remembered reviewing particular documents that are part of plaintiff's medical record; (d) whether the doctor remembered discontinuing certain medication for plaintiff; and (e) whether the doctor has reason to believe that plaintiff has not suffered permanent vision loss (Docket No. 115, Pl. Atty. Affirm. ¶ 6, Exs. A-E). Dr. Cole-Hoover would not confirm that she did not recall specific aspects of plaintiff's medical care in response to the questions posed by plaintiff's counsel (id. ¶ 8). Plaintiff contends that Dr. Cole-Hoover's answers that she did not remember plaintiff were evasive.

The first confrontation involved whether Dr. Cole-Hoover recalled requesting an outside consultation (Docket No. 120, Dr. Cole-Hoover Atty. Aff. ¶ 2, Ex. A; Docket No. 115, Pl. Atty. Affirm. ¶ 6(a), Ex. A). At first she testified that she did not request a consult because there was no "AHR," or ambulatory health record, entry in plaintiff's medical record (Docket No. 120, Dr. Cole-Hoover Atty. Aff. ¶ 2, Ex. A, Tr. at 148). Dr. Cole-Hoover then was asked whether she remembered whether or not she requested the consult and she answered no, which her attorney

asked whether she did not remember or she did not make the request (id.). Dr. Cole-Hoover answered her attorney that "no, I did not request a consult. There's no AHR that has a visit" (Docket No. 115, Pl. Atty. Affirm. ¶ 2, Ex. A, Tr. at 149). Plaintiff's counsel again asked if Dr. Cole-Hoover remembered requesting the consult, and she testified that she did not, because there was no AHR and "there's nothing that I remember about this patient" (id., Tr. at 149-50; Docket No. 120, Dr. Cole-Hoover Atty. Aff. ¶ 4). Over objections, plaintiff's counsel then asked three more times whether Dr. Cole-Hoover recalled (without reviewing the record) requesting the consultation (Docket No. 115, Pl. Atty. Affirm. Ex. A, Tr. at 151-53), with the doctor responding that there was no AHR entry of her requesting the consult for plaintiff (id., Tr. at 153, 154), rather than testify about what she recalled apart from plaintiff's medical record. Dr. Cole-Hoover's counsel later explains that, absent an AHR, there was no proof that plaintiff saw Dr. Cole-Hoover as a patient in March 2000 (Docket No. 120, Dr. Cole-Hoover Atty. Aff. ¶ 6, citing Tr. at 154). Plaintiff's counsel then asked if Dr. Cole-Hoover ever requested any consultation for plaintiff during plaintiff's stay at Albion (Docket No. 115, Pl. Atty. Affirm. Ex. A, Tr. at 154-55), and Dr. Cole-Hoover's counsel argued that she had answered that question, that her answer again probably would not change, and that plaintiff should move on. At this point, plaintiff's counsel moved to strike her answers as non-responsive (id., Tr. at 155).

The next area was whether Dr. Cole-Hoover had any independent recollection of becoming concerned about plaintiff's shunt in 2000 or 2001 (id. ¶ 6(b), Ex. B). After being shown Strong Memorial Hospital records from June 2000, plaintiff's counsel asked Dr. Cole-Hoover if she recalled plaintiff complaining of horrendous headaches (id. Tr. at 155, Ex. B, Tr. at 156). Dr. Cole-Hoover replied that there was no ambulatory health record that Dr. Cole-Hoover

saw the plaintiff, and that if plaintiff made a complaint it would have been documented and an AHR would be in her medical record (id., Tr. at 156). Again, testing Dr. Cole-Hoover's memory independent of the medical record, plaintiff asked if she remembered, and again the doctor referred back to the absence of an AHR (id., Tr. at 156-57). Plaintiff then asked whether Dr. Cole-Hoover became concerned in 2000 or 2001 that plaintiff's shunt was not working and, again, Dr. Cole-Hoover answered that there were no AHRs that she saw the plaintiff for those complaints (id., Tr. at 158-59, 160). She did not answer if she had an independent recollection of plaintiff's complaints (id., Tr. at 160-61). When not presented with plaintiff's medical record and asked if she recalled plaintiff having concerns about her shunt in January 2001 (with defense counsel objecting), Dr. Cole-Hoover answered that she could not answer the question without plaintiff's chart and that she did not remember the plaintiff (id., Tr. at 186-87).

The third area was whether Dr. Cole-Hoover recalled particular documents from plaintiff's medical record (id., Pl. Atty. Affirm. ¶ 6(c), Ex. C). After recognizing her handwriting on the exhibit (Docket No. 120, Dr. Cole-Hoover Atty. Aff. Ex. C, Tr. at 202), plaintiff's counsel asked Dr. Cole-Hoover if she recalled reviewing that document in January 2001 (Docket No. 115, Pl. Atty. Affirm. Ex. C, Tr. at 203). Dr. Cole-Hoover testified that she had no memory of the plaintiff (id., Tr. at 203; Docket No. 115, Pl. Atty. Affirm. ¶ 8), and she did not state whether she recalled reviewing the document. When asked about other, consultation report, Dr. Cole-Hoover repeated that she had no memory of the plaintiff (id., Ex. C, Tr. at 213-14).

Similarly, the fourth area inquired whether Dr. Cole-Hoover recalled discontinuing Imitrex for the plaintiff when shown a nurse's note in plaintiff's medical record (id., Ex. D, Tr. at 226; Docket No. 115, Pl. Atty. Affirm. ¶ 6(d), (e), Ex. D; see also Docket No. 120, Dr. Cole-

Hoover Atty. Aff. Ex. D).  Finally, the fifth area involved whether Dr. Cole-Hoover doubted plaintiff's testimony that she lost her sight since April 2001 (Docket No. 115, Pl. Atty. Affirm. ¶ 6(f), Ex. E, Tr. at 237).  Again, twice Dr. Cole-Hoover testified that she did not remember the plaintiff (id., Tr. at 237).

## DISCUSSION

If a party fails to answer a question under Rule 30, the Court may compel an answer, Fed. R. Civ. P. 37(a)(2)(B), including sanctions.  An incomplete disclosure or an evasive answer is treated as a failure to disclose, Fed. R. Civ. P. 37(a)(3).

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A), (B); see also id. R. 37(d)(1) (failure of party to attend own deposition, possible sanctions include evidentiary or issue preclusion).  Under Rule 37(a)(4), if the motion to compel is granted, the Court

> "shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, . . ., unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the discovery or disclosure without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(4).

Here, it appears that Dr. Cole-Hoover's memory of plaintiff is solely based upon what she recalls after reviewing plaintiff's medical record, from the presence or absence of certain

6

documents within that record (for example, an ambulatory health record to refresh her recollection whether a consultation was sought or whether Dr. Cole-Hoover saw plaintiff at all). When asked whether she had an independent recollection of plaintiff's condition or aspects of her treatment (documents involving plaintiff or medication discontinued), Dr. Cole-Hoover's replies consistently were that she did not recall the plaintiff. Many of these answers did not address the particular question and merely denied any recollection of the plaintiff. She did not state a general disclaimer (or at least no such disclaimer was presented within these moving papers) that her sole recollection of the plaintiff would come from plaintiff's medical record.

Plaintiff here is attempting to test Dr. Cole-Hoover's memory apart from that medical record. But instead of answering that, as to the particular instance or question she had no recollection, Dr. Cole-Hoover began to answer as if she had some recollection then fell back to not recalling plaintiff at all. However, Dr. Cole-Hoover's answers when not reviewing part of the medical record clearly indicate that she has no recollection apart from seeing that record. It would be futile to reopen her examination to require her to answer specifically that she had no recollection as to the particular questions previously asked. Dr. Cole-Hoover's counsel argued during the deposition that the absence of documentation in the record indicated that complaints were not made or treatments not sought (see, e.g., Docket No. 115, Pl. Atty. Affirm. Ex. B, Tr. at 157), but that statement needed to come as testimony from Dr. Cole-Hoover as a witness.

Plaintiff's motion to compel Dr. Cole-Hoover to answer these questions is **denied**; all parties are left with the answers Dr. Cole-Hoover has given.

## CONCLUSION

For the reasons stated above, plaintiff's motion to compel (Docket No. 116) is **denied**.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      October 18, 2006